IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOMEALERT CORPORATION, a )
Delaware corporation, )
 )
       Plaintiff, )
 )
    vs. ) Civil Action No. 08-912
 )
CONCERT COMPANY, d/b/a CCI )
CONTROLS, a California )
corporation, )
 )
       Defendant. )

**MEMORANDUM**

**I. INTRODUCTION**

In this diversity action, Plaintiff, HomeAlert Corporation ("HomeAlert"), asserts a claim against Defendant, Concert Company, d/b/a CCI Controls ("CCI"), for breach of contract. Presently before the Court is CCI's motion to dismiss HomeAlert's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, CCI's motion to dismiss will be converted to a motion for summary judgment under Fed.R.Civ.P. 56.

**II. BACKGROUND**

**A. FACTUAL HISTORY[1]**

On May 25, 2001, CCI, a California corporation with its principal place of business in South Gate, California, entered into a Development, Manufacturing and Marketing Agreement with Dominion Products & Services, Inc. ("Dominion") to develop,

---

[1]The facts in this section are taken from HomeAlert's complaint. (Docket No. 1, Exhibit A).

manufacture and distribute an alarm system to be called the 8000 Series System for the detection of certain gases and other instances of alarm, such as smoke, power outages or intrusions ("the DMM Agreement"). In residential settings, the system would set off an alarm upon detection and automatically notify a call center when the alarm was triggered. Pursuant to the DMM Agreement, Dominion agreed to pay various fees and underwrite a portion of the financing required to develop the 8000 Series System in exchange for certain exclusive marketing rights in defined territories. In furtherance of the DMM Agreement, the principals of CCI established HomeAlert, a separate corporate entity, to manage and market the 8000 Series System.[2]

In October 2001, Dominion exercised its option to terminate the DMM Agreement and CCI agreed to repay the funds advanced by Dominion for the development of the 8000 Series System, which totaled $764,000.00. In December 2001, Dominion and CCI agreed to an extension of time for CCI to repay the funds owed to Dominion, commencing in January 2002.

In August 2002, CCI found it necessary to restructure its core financing. As part of the refinancing efforts, CCI's bankers requested that CCI and Dominion restate the terms and conditions of the debt owed to Dominion by CCI under the DMM

---

[2]HomeAlert is a Delaware corporation with its principal place of business in Denver, Colorado.

2

Agreement. As a result, on September 30, 2002, CCI and Dominion entered into a Refinancing Agreement.

Pursuant to the 2002 Refinancing Agreement, CCI's debt to Dominion in the amount of $764,000.00 was divided into two separate secured notes executed by CCI for the benefit of Dominion on September 30, 2002. The first note in the amount of $600,000.00 was secured by CCI's business personalty, and the note was in second position behind a note executed by CCI for the benefit of its lending bank. The second note in the amount of $164,000.00 was secured by a deed of trust, and this note was in second position to a parcel of pledged real property. Payments of principal and interest on both secured notes were to commence on January 3, 2005 and continue for a period of four years. On September 30, 2002, CCI also entered into a Security Agreement with Dominion pursuant to which CCI agreed to grant a continuing security interest in certain collateral to secure its obligations to Dominion, including, without limitation, its obligations under the $600,000.00 secured note.

Pursuant to the terms of the secured notes (a) a default included the failure of CCI to make any payment required under the notes when due; (b) if any principal or interest payment was not paid when due and no deferment was requested, after 10 days, CCI was obligated to pay, in addition to the principal and interest due, a late fee of 5% of the payment due which was to be

3

added to any principal and interest due at the time of the late payment; (c) if any amount owing under the notes was not paid when due, CCI agreed to pay all expenses, including reasonable attorneys' fees, incurred by Dominion in the collection or enforcement of the secured notes; (d) CCI, for the maximum period of time and to the full extent allowed by law, waived, among other things, any notice of non-payment; (e) CCI agreed and consented to litigate any action arising under the secured notes in a court of competent jurisdiction in Pennsylvania; and (f) the secured notes are governed by the laws of the Commonwealth of Pennsylvania, without giving effect to its conflict of laws provision.

On September 1, 2005, Dominion and HomeAlert entered into an Assignment, Settlement and Release Agreement pursuant to which Dominion assigned, and HomeAlert accepted assignment of, the two secured notes executed by CCI for the benefit of Dominion, as well as the Security Agreement executed by CCI and Dominion on September 30, 2002. The assignment of the secured notes was subsequently recorded by the filing of a UCC Financial Statement Amendment dated June 5, 2006.

CCI was notified of Dominion's assignment of the secured notes and Security Agreement to HomeAlert, acknowledged the assignment and Dominion's right to make the assignment, and accepted the assignment without recourse to Dominion.

4

Accordingly, as of September 1, 2005, HomeAlert became the creditor on the two secured notes totaling $764,000.00. Although HomeAlert has requested payment from CCI under the secured notes, CCI has defaulted by refusing to make any payments. (Complaint, §§ 5-29).

**B. PROCEDURAL HISTORY**

HomeAlert filed this suit against CCI in the Court of Common Pleas of Allegheny County, Pennsylvania on May 28, 2008. On July 1, 2008, CCI filed a timely notice of removal to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446. On July 7, 2008, CCI filed the present motion to dismiss asserting that the complaint of HomeAlert fails to state a claim upon which relief can be granted. HomeAlert filed a brief in opposition to the motion to dismiss on August 7, 2008.

On August 12, 2008, prior to the Court's disposition of CCI's motion to dismiss, HomeAlert and CCI filed a stipulation selecting mediation as an Alternative Dispute Resolution process. A week later, CCI filed a motion to stay the case, including disposition of its motion to dismiss, pending completion of the agreed upon mediation. The motion was granted and the action was stayed until November 1, 2008.

On October 24, 2008, a report of the mediation was filed by the mediator indicating that a settlement had not been reached. The stay was lifted promptly, and, on October 30, 2008, CCI filed

a reply to HomeAlert's brief in opposition to its motion to dismiss. Thus, the motion is now ripe for consideration.

### III. STANDARD OF REVIEW

In a recent decision, Umland v. PLANCO Financial Services, Inc., 542 F.3d 59 (3d Cir.2008), the United States Court of Appeals for the Third Circuit discussed the standard of review for motions to dismiss following the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), stating:

\* \* \*

> When considering a district court's grant of a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir.2006). We "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir.2002).

> In light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), we have cautioned that the factual allegations in the complaint must not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). In addition, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 127 S.Ct. at 1969 n. 8). Moreover, we have interpreted Twombly's emphasis on "plausibility" to mean that the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" Id. at 234 (quoting Twombly, 127 S.Ct. at 1965).

> Despite these new contours, after Twombly we adhere to the familiar statements of our standard of review, quoted above

6

> from Buck, 452 F.3d at 260, and Pinker, 292 F.3d at 374 n.
> 7. We accept the complaint's allegations as true, read
> those allegations in the light most favorable to the
> plaintiff, and determine whether a reasonable reading
> indicates that relief may be warranted. See Phillips, 515
> F.3d at 233 (stating that the above-quoted language from
> Pinker describing the standard of review remains
> "acceptable" after Twombly).
>
> * * *

542 F.3d at 64.

It is well settled that in deciding a motion to dismiss, courts generally may consider only the allegations contained in the complaint, exhibits attached thereto, and matters of public record. However, a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

## IV. LEGAL ANALYSIS

CCI asserts that Dominion released CCI from any and all obligations under the two secured notes at issue in this case prior to assigning the notes to HomeAlert, and, therefore, HomeAlert may not recover the sums due under the two secured notes from CCI. In support of this argument, CCI attached to its motion to dismiss as Exhibit A an Assignment, Settlement and

7

Release Agreement between Dominion and CCI dated September 1, 2005.[3]

Because HomeAlert's claim against CCI is not based on the agreement attached to CCI's motion to dismiss, the agreement may not be considered by the Court in ruling on the motion to dismiss under Fed.R.Civ.P. 12(b)(6). However, rather than denying CCI's motion to dismiss without prejudice to renew in a motion for summary judgment pursuant to Fed.R.Civ.P. 56, the Court concludes that the motion to dismiss should be converted into a Rule 56 motion, and the parties given the opportunity to submit further briefs and all pertinent materials.

*William L. Standish*
William L. Standish
United States District Judge

Date: December 5, 2008

---

[3] With respect to this argument, the Court notes that a factual dispute exists. CCI maintains that Dominion released it from all obligations under the secured notes on September 1, 2005 and that Dominion did not assign the secured notes to HomeAlert until March 27, 2006. In contrast, HomeAlert alleges that the release of CCI from its obligations to Dominion under the secured notes and Dominion's assignment of the secured notes to Homealert both occurred on September 1, 2005 and were part of one transaction.

8